**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **SHIRLEY A. PEARSON,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | **Case No.: 5:06-cv-148 (CAR)** |
| **v.** | **:** | |
| | **:** | |
| **MACON HOUSING AUTHORITY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

*ORDER ON DEFENDANT'S MOTION TO DISMISS*

Plaintiff Shirley Pearson, proceeding *pro se* and *in forma pauperis*, brings this action

against her former employer, the Macon Housing Authority, alleging that it maintained a racially

hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, *et seq*. In addition to her Title VII claim, Plaintiff's complaint alleged various

constitutional claims, which were dismissed as frivolous [see Doc. 8] following a routine *in*

*forma pauperis* frivolity review. See 28 U.S.C. § 1915(e)(2)(B) (West 2007) (directing courts to

sua sponte dismiss the complaint or portions thereof of any plaintiff proceeding *in forma*

*pauperis* as frivolous or malicious, or for lack of legal merit).

Presently before the Court is Defendant's Motion to Dismiss [Doc. 9]. Through this

motion, Defendant seeks dismissal of Plaintiff's Title VII hostile work environment claim,

arguing that Plaintiff failed to file a charge of discrimination with the Equal Employment

Opportunity Commission. After being ordered to do so [Doc. 10], Plaintiff filed a Response

[Doc. 12] to Defendant's motion. For the reasons discussed below, Defendant's motion is

1

**GRANTED** and Plaintiff's case is **DISMISSED**.[1]

### *DISCUSSION*

Defendant argues that Plaintiff's Title VII hostile work environment claim should be dismissed because Plaintiff failed to file a charge of discrimination with the EEOC. It is well-established that before bringing a Title VII suit in federal court, an aggrieved employee must file a charge of discrimination with the EEOC and obtain a right-to-sue letter. See 42 U.S.C. § 2000e-5(e); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001). The purpose of the EEOC filing requirement is to give the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004). Title VII prescribes certain time limitations within which an aggrieved employee must file a charge with the EEOC. Specifically, in non-deferral states like Georgia, the employee must file a charge no later than 180 days after the alleged unlawful employment practice occurred. See Ledbetter v. Goodyear Tire & Rubber Co., 421 F.3d 1169, 1178 (11th Cir. 2005). In hostile work environment cases, a charge of discrimination will be timely-filed if "at least one act contributing to [the] hostile environment takes place within the statutory time period." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002).

In this case, Plaintiff tendered her resignation to the Macon Housing Authority on April 11, 2006. Though the precise date on which she last worked is unclear, it appears from her letter of resignation that Plaintiff ceased working for the Macon Housing Authority no later than May

---

[1]     After Defendant filed its Motion to Dismiss, Plaintiff filed an Amended Complaint [Doc. 13], re-characterizing her claims as negligence claims. Because the Court finds that dismissal of Plaintiff's Title VII claim is appropriate, the Court declines to exercise supplemental jurisdiction to entertain Plaintiff's state-law negligence claims. See 28 U.S.C. § 1367(c)(3) (West 2007).

14, 2006. (Def.'s Mot. to Dismiss Ex. A.)  Thus, the last date on which an act contributing to

Plaintiff's hostile work environment claim could have occurred is May 14, 2006.  Instead of

filing a charge of discrimination with the EEOC in the 180 days following her resignation,

Plaintiff filed the present lawsuit in this Court.

In her Response brief, Plaintiff does not allege that she has, in fact, filed a charge of

discrimination with the EEOC, nor does she given any reason why her failure to comply with

Title VII's procedural requirements should be excused; instead, she makes an emotional plea as

to why the Court should not dismiss her case.  In particular, Plaintiff asks the Court to refrain

from dismissing her case "because [she is] disabled, on a fixed income, [and] ha[s] not been able

to find a lawyer to represent [her] because of [her] inability to pay." (Pl.'s Resp. Br. 1.)

Plaintiff's circumstances, while unfortunate, fail to excuse her obligation to satisfy the legal

requirement of filing a timely charge of discrimination with the EEOC.  See Thomas v. Kroger

Co., 24 F.3d 147, 150 (11th Cir. 1994) (affirming dismissal of Title VII claim when Plaintiff

failed to file a charge with the EEOC).  Filing a timely charge of discrimination with the EEOC

is a necessary first step that an employee must taken in pursuing an employment discrimination

claim against his or her employer.  Plaintiff's failure to take this first step is fatal to her case.


Normally, the Court's inquiry would end at this point, having found that Plaintiff failed

to file a charge of discrimination with the EEOC.  However, because Plaintiff is proceeding *pro

se*, the Court will examine whether Plaintiff's failure to file a charge of discrimination with the

EEOC may be excused.  Both the Supreme Court and the Eleventh Circuit have held that

procedural requirements such as the timely filing of a charge of discrimination with the EEOC

and the receipt of a right-to-sue letter are not jurisdictional, but instead are simply prerequisites, which are "subject to waiver, estoppel, and equitable tolling." See Zipes v. Trans World Airlines, Inc. 455 U.S. 385, 393 (1982); see also Smith v. McClammy, 740 F.2d 925, 926 (11th Cir. 1984) (recognizing that 180-day filing requirement is subject to equitable tolling) (citing Coke v. Gen. Adjustment Bureau, Inc., 640 F.2d 584 (5th Cir. 1981) and Chappell v. Emco Mach. Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979)); Forehand v. Fla. State Hosp., 89 F.3d 1562, 1569-70 (11th Cir. 1996) (recognizing that receipt of a right-to-sue letter is subject to equitable modification).

Yet, while both the Supreme Court and the Eleventh Circuit have held that an untimely filing or a failure to obtain a right-to-sue letter are not per se bars to suit, neither has held that a *complete failure* to file a charge of discrimination with the EEOC is excusable. See Perez v. Dana Corp, 545 F. Supp. 950, 953 (D. Pa. 1982), aff'd 718 F.2d 581 (3rd Cir. 1983); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 n.6 (1984) (clarifying that the Court did not declare in Zipes that the EEOC filing requirement need not ever be satisfied, but rather held that timely filing is subject to waiver and tolling); cf. Hines v. Widnall, 334 F.3d 1253, 1257 (11th Cir. 2003) (holding that plaintiff's failure to file an EEOC claim absolutely barred his claims); Grier v. Sec'y of the Army, 799 F.2d 721, 724 (11th Cir. 1986). Indeed, the Eleventh Circuit has previously dismissed Title VII claims for failure to file a charge of discrimination with the EEOC. Thomas, 24 F.3d at 150; Hines, 334 F.3d at 1257; Grier, 799 F.2d at 724.

Furthermore, Plaintiff's absolute failure to file a charge with the EEOC cannot be excused by equitable tolling. It is only after a charge is filed with the EEOC that a plaintiff can claim equitable tolling to excuse her untimely filing. See Hines, 334 F.3d at 1257 ("Filing a complaint with the EEOC is a prerequisite to the equitable exceptions to administrative

4

exhaustion.").

If Plaintiff wishes to pursue her hostile work environment claim, she may still file an untimely charge with the EEOC and make her initial argument for equitable tolling in that forum. See Grier, 799 F.2d at 724. The Court expresses no opinion as to whether Plaintiff will succeed in establishing that equitable tolling is warranted. See Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 661 (11th Cir. 1993) (recognizing that the plaintiff bears the burden of proving equitable tolling is appropriate).

Accordingly, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is further advised that if she wishes to proceed further with her Title VII hostile work environment claim, she must first file a charge of discrimination with the EEOC.

### *CONCLUSION*

For the reasons discussed above, Defendant's Motion to Dismiss [Doc. 9] is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.


**SO ORDERED**. This 11th day of April, 2007.


                                        S/ C. Ashley Royal
                                        C. ASHLEY ROYAL
                                        UNITED STATES DISTRICT JUDGE


AEG/ssh